**\*NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DAVID WILSON,                          :
                                       :     Civil Action No.  12-5068 (PGS)
          Plaintiff,                   :
                                       :
     v.                                :     **OPINION**
                                       :
SOMERSET CNTY. PROSECUTORS             :
OFFICE, et al.,                        :
                                       :
          Defendants.                  :

**APPEARANCES:**

**DAVID WILSON,** Plaintiff pro se
233521-B
Northern State Prison
168 Frontage Road
Newark, NJ 07114

**JOHN C. CONNELL,** Counsel for Defendants
Archer & Greiner P.C.
One Centennial Square
Haddonfield, N.J. 08033

**SHERIDAN,** District Judge:

     This matter comes before the Court by way of Defendants Somerset County Prosecutors'

Office, Assistant Prosecutor Peter DeMarco and Assistant Prosecutor Robert Pollock's motion to

dismiss. (ECF No. 13.)  The Court has considered the parties' submissions and decides this

matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons

expressed below, Defendants' motion will be granted and the Court will decline to exercise

supplemental jurisdiction over the remaining claims.

## I. BACKGROUND

In his amended complaint (ECF No. 12), Plaintiff makes the following allegations.  On December 3, 2008, Plaintiff was arrested by the Bernards Township Police Department.  During the course of the arrest, Officer Piazza discharged his weapon and failed to report it to his superiors.  Plaintiff alleges that in February 2012, he learned that the Defendants named in the complaint "failed and refused to retrieve, obtain and disclose [an] Internal Affairs Summary report required, by state law and department policy, pertaining to a Bernards Twp N.J. police officer discharging his weapon, related to plaintiffs [sic] arrest." (Am. Compl. 3-4.)  Plaintiff states that while reviewing grand jury transcripts in May 2012, he learned that Defendants Demarco and Pollock maliciously withheld evidence, during and after the grand jury, regarding the use of a firearm by Officer Piazza, which negated Plaintiff's guilt on the resisting arrest charge.  Plaintiff alleges the failure to properly disclose the evidence is based on the Somerset County Prosecutors' Office failure to adequately train its employees.

Plaintiff alleges the following causes of action in his amended complaint based on these facts: (1) violation of his substantive due process rights; (2) violation of his equal protection rights; (3) failure to act/report in violation of 42 U.S.C. § 1986;[1] (4) failure to train; (5) gross negligence; (6) violation of procedural due process rights; and (7) various state law claims.

---

[1] Liability under § 1986 is predicated on actual knowledge of a § 1985 violation. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (transgressions of § 1986, by definition, depend on a preexisting violation of § 1985).  Plaintiff does not allege a claim under § 1985 in his amended complaint; nor does it appear that he could as there is no indication that Plaintiff's equal protection rights were violated. *Muhammad v. Davis*, 461 F. App'x 91, 92 (3d Cir. 2012) ("To state a claim for conspiracy under 42 U.S.C. § 1985(2) or (3), [Plaintiff] must allege that the conspirators intended to deny him equal protection of the laws").

Plaintiff is seeking monetary damages and that the Court "restore the plaintiff's liberty."[2] Defendants have moved to dismiss the Amended Complaint for failure to state a claim.  (ECF No. 13.)

## II. DISCUSSION

### A. Legal Standard

At this time, Defendants move for a dismissal of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  In considering Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions[.]'") (citation omitted).

First, under the *Twombly/Iqbal* standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

---

[2] The Court notes that to the extent Plaintiff is seeking to "restore his liberty," such relief is only available in a habeas corpus action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.Ed. 2d 439 (1973).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Fowler*, 578 F.3d at 211; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing *Twombly*, 550 U.S. at 556). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005).

**B. Analysis**

**1. § 1983 Claims**

Defendants move to dismiss the amended complaint on several bases, including that the claims are barred by the statute of limitations.

"The statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries." *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (citation omitted). "In New Jersey that statute is N.J.S.A. 2A:14–2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." *Id.* (quotation omitted). "A [S]ection 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted). As the Third Circuit has noted:

4

> Under New Jersey law, a statute of limitations can be tolled based upon equitable principles, including the discovery rule.  The discovery rule postpones a claim from accruing if a plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable person.  As set out by the New Jersey Supreme Court, the accrual of the claim will be postponed until the "injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered[,] that he may have a basis for an actionable claim."

*Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (internal citations omitted).

Although the statute of limitations is provided by New Jersey law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).  "[T]he standard rule [is] that [accrual occurs] when the plaintiff has 'a complete and present cause of action.'" *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98, 61 S.Ct. 473, 85 L.Ed. 605 (1941)).

In this case, all of Plaintiff's claims relate to the firing of a weapon by Officer Piazza during the course of Plaintiff's arrest in 2008.  It appears that Plaintiff is arguing that the discovery rule should toll the statute of limitations because he was not aware of the Defendants' failure to obtain the reports from the police until his post-conviction relief proceedings in state court in February 2012.  However, that argument is unpersuasive.  At the outset, Plaintiff was present and aware that Officer Piazza discharged his weapon on December 3, 2008, the date Plaintiff was arrested.  Moreover, Plaintiff's counsel highlighted the issue of the fired shot and internal reports during Plaintiff's criminal proceedings.  Specifically, in the presence of Plaintiff, Plaintiff's counsel stated the following: "Well, Judge, I think [the internal affairs reports are] discoverable.  If the State's not going to give it to me, it's not going to resolve, and that will be an issue." (Pl.'s Opp'n, Ex. A-1, Status Conference Tr. 4:16-24, Sept. 25, 2009.)  The state court

advised him that he would have to file a motion to obtain said files, but thereafter, Plaintiff entered a guilty plea to all three counts. (Defs.' Br., Ex. G., Plea Hr'g Tr. 20:10-11, Nov. 6, 2009.) It is clear that Plaintiff was aware of the discharge of the weapon and the possibility of the internal reports containing information by November 6, 2009, the date of his plea hearing in state court. Plaintiff failed to exercise reasonable diligence to investigate these claims and as such, he cannot rely on equitable tolling to save the time-barred complaint. Defendants' motion to dismiss the § 1983 claims will be granted.[3] The Court will not grant Plaintiff leave to amend his complaint, as such amendment would be futile based on this Court's findings that the claims are time-barred, or alternatively barred by *Heck*. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## 2. State Law Claims

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware Cnty., Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In this case, the Court is

---

[3] Even if not time-barred, Plaintiff's claims would nevertheless be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Wells v. Dist. Attorney's Office of Phila. Cnty.*, 266 F. App'x 187, 188-89 (3d Cir. 2008) ("To succeed on such a claim under § 1983, [Plaintiff] would have to show that Defendants deprived him of material, exculpatory evidence…However, if he made such a showing, it would imply the invalidity of his conviction and bar him from relief.")

dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's federal claims are hereby dismissed. The Court declines to exercise supplemental jurisdiction over the remaining claims. An appropriate order follows.

Dated:

5-20-13

PETER G. SHERIDAN
United States District Judge